COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:          Tory House, et al. v. The O'Quinn Law Firm, John H.
                              O'Quinn & Associates, LLP, and T. Gerald Treece, as
                              Independent Executor of the Estate of John M. O'Quinn,
                              deceased

Appellate case number:        01-14-00027-CV

Trial court case number:      392247-414

Trial court:                  Probate Court No. 2 of Harris County

On May 29, 2014, we granted the "Joint Motion to Return Clerk's Record and Order Filing of New Clerk's Record in Proper Form" filed by the appellants in the above-referenced appeal and in appellate cause number 01-14-00138-CV, struck the clerk's record filed in each appeal, and ordered the trial court clerk to file a new clerk's record in each appeal within 45 days.

In appellate cause number 01-14-00027-CV, the trial court clerk filed a supplemental clerk's record on June 9, 2014 and an amended clerk's record on June 18, 2014. Similarly, in appellate cause number 01-14-00138-CV, the trial court clerk filed a supplemental clerk's record on June 20, 2014.

On July 8, 2014, appellants in cause number 01-14-00027-CV filed a "Motion to Return the Clerk's Record and Order the Filing of a New Record in the Proper Form, and for an Extension in Appellants' Briefing Deadline." Appellants in cause number 01-14-00027-CV contend that, while some of the defects that were present in the February 26, 2014 clerk's records have been cured, the June 9, 2014 supplemental clerk's record and the June 18, 2014 clerk's record are still defective, because they are not paginated consecutively across all 18 volumes and do not contain a single table of contents at the

beginning of each volume with detailed identification of each document.[1] Pls.' Mot. at 2-5.

After considering the motion and reviewing the clerk's records, we **GRANT** Plaintiffs' motion and **STRIKE** the June 18, 2014 clerk's record and the June 9, 2014 supplemental clerk's record filed in appellate cause number 01-14-00027-CV. *See* TEX. R. APP. P. app. C, R. 1.1, 1.4.

We **ORDER** the trial court clerk to file a new clerk's record in proper form in the above-referenced appeal, pursuant to the trial court's April 15, 2014 order and in accordance with the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 34.5, 35.3(a); TEX. R. APP. P. app. C, R. 1.4 (non-conforming records and supplements). Specifically, the trial court clerk must paginate each clerk's or supplemental clerk's record consecutively across all the volumes in each record until the final page of the final volume in the clerk's record. *See* TEX. R. APP. P. app. C, R. 1.1(e). The trial court clerk must further include a table of contents in each volume of each clerk's record containing a detailed identification of each document, using the full title of each document, and the date each document was filed, arranging them in ascending chronological order, by date of filing or occurrence, after the cover page and table of contents, and must use bookmarks to link to each full document description in the table of contents, or as much of it as possible. *See id.* at R. 1.1(d), (g), and (i).

The new clerk's record from trial court case number 392274-414 should be filed in appellate cause number 01-14-00027-CV.

The deadline for the trial court clerk to file proper clerk's records in this appeal shall be **30 days from the date of this order**.

Finally, appellants' extension motion, filed on July 8, 2014, and separately-filed "Motion for an Extension in Appellants' Briefing Deadline," filed in appellate cause number 01-14-00027-CV on July 16, 2014, are dismissed as moot. The appellants' briefs in each of these appeals will be due 30 days after the date the new clerk's records are filed in their respective appeals.[2] *See* TEX. R. APP. P. 38.6(a)(1).

It is so ORDERED.

Judge's signature:/s/ <u>Laura C. Higley</u>
      ☒ Acting individually  ☐ Acting for the Court

Date: <u>July 22, 2014</u>

---

[1] The table of contents that is provided identifies each individual document with only a generic label, such as "Amended" or "Objection," rather than a detailed identification of each document.

[2] The reporter's records have been previously filed in both cause numbers.